[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 166
Mr. J. Neil Nielsen, Commissioner Office of Administration Room 125, State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Nielsen:
This opinion is in response to your request for an opinion concerning an interpretation of Senate Committee Substitute for House Bill No. 1130, Second Regular Session, 78th General Assembly.
In particular you ask for an interpretation of Section 2 of that law which provides:
 "Section 2. 1. The governing body of any county and of any city not within a county shall fix the amount to be expended for the cost of incarceration of prisoners confined in jails or medium security institutions. The per diem cost of incarceration of these prisoners chargeable by the law to the state, shall be determined, subject to the review and approval of the office of administration.
 "2. The actual costs chargeable to the state shall be seventy-five percent of the allowable per diem cost or eight dollars per day per person, whichever is less."
This law repealed Section 221.110, RSMo 1969, and Sections66.500, 221.090, and 221.100, RSMo Supp. 1975. The law also repealed and reenacted with amendments Section 216.221, RSMo Supp. 1975, relating to halfway houses. This latter repeal and amendment is not pertinent to your question.
All the other sections which were repealed concerned the boarding of prisoners. That is, Section 221.090, RSMo Supp. 1975, related to the boarding of prisoners in second, third, and fourth class counties and provided that when the state was liable under existing laws for the costs, the bill of costs was to include all fees which were properly chargeable to the state for the board of the prisoner. Section 221.100, RSMo Supp. 1975, related to first class counties and provided the county court would fix the amount to be expended by the sheriff for the board of prisoners and the amount so fixed was to be taxed as costs against convicted prisoners and that board chargeable by law to the state would be paid by the state. Section 221.110, RSMo 1969, applied to the City of St. Louis and provided that the municipal assembly would fix the amount to be expended per diem for the board of each prisoner confined in jail and the amount so fixed was to be taxed as costs against prisoners who were convicted and the board of the prisoners which was chargeable by law to the state would be paid by the state. That section also provided for a maximum of three dollars per day per person.
Section 66.500, RSMo Supp. 1975, related to St. Louis County and contained provisions substantially similar to those relating to St. Louis City as provided in Section 221.110.
In the First Regular Session of the 78th General Assembly, there was an attempt made in House Committee Substitute for House Bill No. 427 to amend Sections 66.500 and 221.110. The bill was truly agreed to and finally passed; however, it was vetoed by the Governor for the reasons stated in his veto message of July 28, 1975. We mention this bill, however, because it is interesting to note that Section 66.500 was proposed to be amended to substitute the terminology "cost of incarceration" for the word "board" in the first paragraph of that section and to substitute the amount of eight dollars per day maximum for three dollars per day in the second paragraph of such section. Section 221.110 would have been amended to also substitute "cost of incarceration" for the word "board," to add "or medium security institution" after the word "jail," and also to raise the maximum to eight dollars per day from three dollars.
Apparently House Bill No. 1130, Second Regular Session, 78th General Assembly, about which you inquire, was a response to the veto of House Bill No. 427. In its final form it appears to be taken from the language of Sections 66.500 and 221.110 with certain obvious changes. That is, Section 2.1 of House Bill No. 1130 applies to the governing body of any county and any city not within a county. It obviously contains the words "cost of incarceration" instead of "board" and retains a maximum payable by the state in those cases where the charges are by law required to be paid by the state.
As to the first question concerning the meaning of the words "cost of incarceration," normally we believe that this term would be necessarily broader than "board"; however, we have no statutes authorizing the taxation of "cost of incarceration" as such against the state. Therefore, there are no statutes which make the "cost of incarceration" chargeable to the state. We do not believe that Section 2.1 of the bill fixes liability for "cost of incarceration" since it necessarily requires reference to other sections of the law for determination as to what is actually "chargeable to the state." In our Opinion No. 42 dated February 17, 1953, to Hoy, this office held that under Section 550.010, RSMo, the only costincurred on behalf of a convicted defendant which the county orstate in any event can be required to pay is the cost of board
and that under Sections 550.020 and 550.030, RSMo, the state or county, as the case may be, is liable for that cost only if the convicted defendant is unable to pay such cost. We enclose a copy of that opinion; although we point out that many of the sections referred to therein have been, as we noted, repealed by House Bill No. 1130.
Obviously, the provisions of Chapter 550 relative to the taxation of court costs have not been repealed and those sections are still applicable.
As we noted in our opinion to Hoy, Section 550.010, RSMo, requires that a person who is convicted of a crime shall be adjudged to pay the costs and that no costs incurred on his part, except fees for board, shall be paid by the state or county. Section 550.020
provides that in all capital cases in which defendant shall be convicted and in all cases in which defendant shall be sentenced to imprisonment in the penitentiary and in certain other cases, the state shall pay the costs if the defendant shall be unable to pay them, except costs incurred on behalf of defendant. Further, in Section 550.040, RSMo, it is provided that in all capital cases and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state.
Therefore, it can be seen that the only costs possibly chargeable against the state other than court costs are "fees for board" or, as we have held in the opinion to Hoy, the "costs of board."
We conclude that the costs of board of such prisoners may be chargeable against the state depending upon the circumstances and pursuant to Chapter 550. We find no Missouri court decisions defining the word "board" as used in the statutes. The case law of other states indicates contradictory views of the meaning of "board.' It seems to be almost unanimously agreed, however, that "board" in its original and classical concept related solely to the furnishing of food. It is our view that the word, as used in our statutes, should be given its historical meaning and interpreted to mean only the cost of food, cook hire and food preparation, food cooking and food service equipment and related utilities. It should not include costs such as guard hire, jail construction or maintenance costs, costs of furnishing quarters, or the like. Section 2.2 of the Bill, of course, limits the amount of the board costs chargeable to the state.
CONCLUSION
It is the opinion of this office that within the limits of the provisions of House Bill No. 1130, Second Regular Session, 78th General Assembly, the state is responsible by law for the costs of board of prisoners pursuant to Chapter 550, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 42 2-17-53, Hoy